| | |
|---|---|
| DISTRICT COURT<br>ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 649-6355 | DATE FILED: February 24, 2014 11:18 AM<br>FILING ID: 7393207EFEFD8<br>CASE NUMBER: 2014CV30510 |
| Plaintiffs:  SABLE COVE CONDOMINIUM ASSOCIATION and EDGE CONSTRUCTION, LLC<br><br>v.<br><br>Defendant: OWNERS INSURANCE COMPANY | COURT USE ONLY |
| Attorney for Plaintiff:<br><br>Robert W. Loree<br>(Colorado Atty. Reg. No. 46883)<br>Loree & Lipscomb<br>The Terrace at Concord Park<br>777 East Sonterra Blvd., Suite 320<br>San Antonio, Texas 78258<br>rob@lhllawfirm.com | Case No:<br><br>Div:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, SABLE COVE CONDOMINIUM ASSOCIATION and EDGE CONSTRUCTION, LLC, by and through their attorney, Loree & Lipscomb, for its Complaint against the Defendant Owners Insurance Company, alleges as follows:

## PARTIES

1. Plaintiff, SABLE COVE CONDOMINIUM ASSOCIATION (hereinafter "Sable Cove"), is a Colorado nonprofit corporation whose principal place of business is in 921 S. Dearborn Way, Aurora, Colorado.

2. Plaintiff, EDGE CONSTRUCTION, LLC (hereinafter "Edge"), is a Colorado corporation whose principal place of business is in 7900 E Union Ave, Suite 1100, Denver, Colorado.

3. Defendant, OWNERS INSURANCE COMPANY, is a Michigan corporation whose registered agent is the Colorado Division of Insurance.



1

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124.

5. Venue is proper in Arapahoe County, Colorado, pursuant to C.R.C.P. 98.

## GENERAL ALLEGATIONS

6. Sable Cove is the insured under a commercial property insurance policy with Defendant, policy number 114632-74752460, with a policy period from October 1, 2011 to October 1, 2012. On June 6, 2012, the buildings of Sable Cove sustained substantial damage from a hail and windstorm. For this damage, Sable Cove filed an insurance claim with its insurer, Defendant Owners Insurance Company, who assigned claim number 07 4- 0003825-2012 to this claim. Thereafter, Defendant investigated this loss and agreed to pay for it. The field adjuster for Defendant calculated this loss in a September 6, 2012 Xactimate estimate that included overhead and profit charges for a total of $891,963.66, but did not include the cost of the permits that the insurer agreed to pay. The total overhead and profit charges for this loss totaled $153,417.02. Defendant's adjuster told the representative of Sable Cove that the estimate including its inclusion of the overhead and profit charges, which is industry standard, was prepared according to Defendant's adjusting guidelines.

7. The day after it received the field adjuster's September 6, 2012 Xactimate estimate, Sable Cove contacted with Edge for $891,963.66 to complete the roof repairs according to Defendant's estimate. A copy of that contract is attached hereto as Exhibit "A." Edge thereafter completed the work strictly adhering to Defendant's estimate and scope of repairs plus the cost of the permits, which Defendant agreed to pay and did pay.

8. The in-house adjuster for Defendant, however, refused to pay for any overhead and profit charges despite the fact that multiple trades were involved in this complex commercial repair job. As a result, Edge was not paid $153,417.02 due under its contract with the Sable Cove contrary to Defendant's adjuster's estimate for this covered loss. Edge, who had relied on the overhead and profit numbers included in Defendant's estimate in contracting with Sable Cove and performing according to that contract, thereafter tendered an invoice to Sable Cove and Defendant for the unpaid overhead and profit charges.

9. In denying Sable Cove and its contractor Edge payment of the promised overhead and profit, Defendant low-balled the claim contrary to its adjuster's estimate and representations. In addition, Defendant's estimate including overhead and profit charges is in accordance to the standards laid out in Bulletin No. B-5.1 from the Colorado Division of Insurance. Nevertheless, Defendant in bad faith unreasonably denied this portion of Sable Cove's claim by not paying the subject overhead and profit charges, which are also industry standard for general contractors. Even though the

Sable Cove and Edge complained to Defendant about this wrongful failure to pay, Defendant still refused to pay any such overhead and profit on this claim despite the complexity of this commercial repair work and the need for multiple trades and subcontractors for the repair work. These trades and subcontractors included, without limitation, roofers, carpenters, painters, a heavy equipment boom, a forklift contractor, a dumpster contractor, and clean up personnel.

10. On February 7, 2014, Sable Cove and Edge entered into a Post-Loss Assignment of Insurance Proceeds wherein Sable Cove assigned to Edge its unpaid, post-loss policy benefits of $153,417.02 for the subject overhead and profit for the work that has already been completed. A true and correct copy of that assignment is attached hereto as Exhibit "B." In addition, under the facts and circumstances of this case, Edge qualifies as a "first-party claimant" under section 10-3-1115, C.R.S. 2012 and is entitled to sue Defendant under section 10-3-1116, C.R.S. 2012. *See Kyle W. Larson Enterprises, Inc. v. Allstate Insurance Company,* 305 P.3d 409 (Colo. Ct. App. 2012).

11. The above described conduct of Defendant was done in bad faith, with the intent of delaying payment and reducing the covered benefit owed by Defendant to Sable Cove and Edge for the repair of the storm damage on Sable cove's covered claim.

12. Defendant's actions constitute a breach of the express duties set forth in Sable Cove's insurance policy as well as the implied contractual duties of good faith and fair dealing that Defendant owes Sable Cove.

13. As a direct and proximate result of Defendant's breaches of contract and bad faith conduct, Plaintiffs have incurred damages of at least $153,417.02 and will continue to incur, damages, injuries and losses in an amount to be established at trial.

14. Defendant is liable for damages equal to the Plaintiffs' actual losses plus two times the covered benefit pursuant to C.R.S. §§ 10-3-1115 and10-3-1116.

15. All conditions precedent to recovery, if any, have been satisfied.

### FIRST CLAIM FOR RELIEF
(Insurance Bad Faith)

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Defendant entered into an insurance contract with Sable Cove and issued a policy that provided coverage for property damage.

18. Sable Cove paid premiums and otherwise performed its obligations under its insurance contract with Defendant.

19. As an insurer, Defendant owed certain general duties to its insured, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claims.

20. Defendant also owed additional duties to Edge under the Colorado Court of Appeals opinion in *Kyle W. Larson Enterprises, Inc. v. Allstate Insurance Company*, 305 P.3d 409 (Colo. Ct. App. 2012).

21. Edge now makes a claim as a matter of right in order to protect its legal and monetary interest in this matter.

22. Defendant breached these duties to Plaintiffs by delaying or denying payment of covered benefits without a reasonable basis.

23. Defendant acted with knowledge or in reckless disregard of the fact that its delay and/or denials of the claims were unreasonable, in violation of C.R.S. § 10-3-1113(3).

24. Defendant took these actions for its own benefit in violation of the duties owed to Plaintiffs as first-party claimants.

25. As a direct and proximate result of Defendant's bad faith, Plaintiffs have suffered injuries, damages, and losses in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT THE AFMIC
(Breach of Contract)

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. The insurance policy issued by Defendant contained an express or implied covenant of good faith and fair dealing.

28. Sable Cove paid premiums and otherwise performed all conditions precedent to recovery of benefits under the contract.

29. Defendant breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving Sable Cove's insurance claim.

30. As a direct, immediate and proximate result of Defendant's breaches of contract, Sable Cove has suffered injuries, damages, and losses, in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. Plaintiffs are first-party claimants that are owed benefits directly or on behalf of an insured under an insurance policy.

33. Defendant accordingly had a statutory duty not to unreasonably delay or deny benefits to Plaintiffs.

34. Defendant delayed or denied payment of covered benefits to Plaintiffs without a reasonable basis for that action.

35. As a direct and proximate result of Defendant's unreasonable delay and denial, Plaintiffs have suffered injuries, damages, and losses in an amount to be proven at trial.

36. Plaintiffs are entitled to all remedies allowed by C.R.S. §10-3-1116, including two times the covered benefit, reasonable attorney fees, and court costs.

WHEREFORE, Plaintiffs requests that after the final hearing in this case, the court award Plaintiffs a judgment against Defendant for all actual, economic and compensatory damages in an amount that will fully compensate Plaintiffs for their injuries, damages and losses; statutory damages equal to two times the covered benefits; reasonable attorney fees and court costs; prejudgment and post-judgment interest on such sums as is provided by law; and such other and further relief as this Court deems proper.

**PURSUANT TO C.R.C.P. 38, PLAINTIFF REQUESTS
TRIAL BY JURY OF SIX PERSONS ON ALL ISSUES**

Dated: February 24, 2014

LOREE & LIPSCOMB

/s/ Robert W. Loree

(original signature on file with firm)

_____
Robert W. Loree

Plaintiff's Address:
921 S. Dearborn Way
Aurora, Colorado