IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00912-MJW

SABLE COVE CONDOMINIUM ASSOCIATION and
EDGE CONSTRUCTION, LLC,

Plaintiffs,

v.

OWNERS INSURANCE COMPANY,

Defendant.

---

**ORDER
ON DEFENDANT OWNERS INSURANCE COMPANY'S PARTIAL MOTION TO
DISMISS (Docket No. 12)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court for all purposes pursuant to the Court's Pilot

Program and 28 U.S.C. § 636(c) upon consent of the parties and the Order of

Reference Upon Consent to Jurisdiction of Magistrate Judge issued by Chief Judge

Marcia S. Krieger on May 8, 2014 (Docket No. 17; see Docket No. 15 - Consent).

Now before the court is Defendant Owners Insurance Company's Partial Motion

to Dismiss (Docket No. 12). Plaintiffs filed a Response (Docket No. 14), and defendant

filed a Reply (Docket No. 16). The court has carefully considered these motion papers

as well as applicable Federal Rules of Civil Procedure and case law. In addition, the

court has taken judicial notice of the court file. The court now being fully informed

makes the following findings, conclusions of law, and order.

2

**Plaintiffs' Allegations**

This action was removed from Arapahoe County District Court.  (See Docket No. 1).  The two plaintiffs in this action, Sable Cove Condominium Association ("Sable Cove") and Edge Construction, LLC ("Edge"), which was the contractor that completed construction at the condominium community, have each pled the same three claims in this case: (1) insurance bad faith, (2) breach of contract, and (3) statutory bad faith pursuant to §§ 10-3-1113(3), 1115, 1116, C.R.S.  These claims are based upon damage from a hail and wind storm on June 6, 2012, for which Sable Cove filed an insurance claim with its insurer, defendant Owners Insurance Company ("defendant").  Plaintiffs allege the following in the Complaint (Docket No. 4).

Defendant investigated the loss and agreed to pay for it.  Defendant's field adjuster calculated the loss in an estimate that included overhead and profit charges for a total of $891,963.66, not including the cost of the permits the defendant agreed to pay.  The total overhead and profit charges for this loss totaled $153,417.02.  Sable Cove contracted with Edge to complete the roof repairs according to the defendant's estimate.  Edge completed the work, but defendant's in-house adjuster then refused to pay for any overhead and profit charges.  As a result, Edge was not paid $153,417.02 due under its contract with Sable Cove.  Defendant in bad faith unreasonably denied this portion of Sable Cove's claim.  Both Sable Cove and Edge complained to defendant about this wrongful failure to pay.

On February 7, 2014, Sable Cove and Edge entered into a Post-Loss Assignment of Insurance Proceeds wherein Sable Cove assigned to Edge its unpaid, post-loss policy benefits of $153,417.02 for the subject overhead and profit for the work

3

that has already been completed.  (See Ex. B to Compl., Docket No. 4).  In addition,

Edge qualifies as a "first-party claimant" under § 10-3-1115, C.R.S., and is entitled to

sue defendant under § 10-3-1116, C.R.S.

Defendant's conduct was done in bad faith, with the intent of delaying payment

and reducing the covered benefit owed by defendant to Sable Cove and Edge for the

repair of the storm damage on Sable Cove's covered claim.  Defendant's actions

constitute a breach of the express duties set forth in Sable Cove's insurance policy as

well as the implied contractual duties of good faith and fair dealing that defendant owes

Sable Cove.

## Defendant's Motion to Dismiss

Defendant seeks dismissal of the Edge's claims in their entirety.  Defendant

asserts that Edge is not the real party in interest and lacks standing to pursue at least

the breach of contract and "insurance bad faith" claim and perhaps as to the

unreasonable delay/denial claim as well.  As such, defendant submits that a dismissal

as to all claims brought by Edge is the appropriate remedy.  However, to the extent

Edge remains in the case to any degree, defendant asserts that dismissal of Edge

should occur at least with respect to the breach of contract and "insurance bad faith"

claims, and only one plaintiff should be permitted to pursue the "statutory bad faith

claim."  Furthermore, to the extent the court may determine that plaintiff Sable Cover

has validly assigned any claims to Edge, Sable Cove is not the real party in interest,

and its claims must be dismissed.  In addition, defendant asserts that plaintiffs have

attempted to expand the "statutory bad faith" claim to include not only a claim made

pursuant to §§ 10-3-1115 and 1116, C.R.S., but also made pursuant to § 10-3-1113(3),

C.R.S., which allegedly does not give rise to any right of action but instead merely

addresses the court's options for instructing the trier of fact at trial on various insurance-

related claims.  As such, defendant contends that the portion of plaintiffs' "statutory bad

faith" claim predicated upon that section should likewise be dismissed.

In response, Edge asserts that it has standing to pursue its contract and statutory

bad faith claims, but it agrees it lacks standing to assert a common law bad faith claim.

(Docket No. 14 at 2).  Therefore, Edge's common law bad faith claim shall be

dismissed.  With regard to the two remaining claims, Edge asserts the following.  It has

standing to pursue its contract claims through Sable Cove's post-loss assignment of its

insurance proceeds.  Furthermore, Edge has independent standing to pursue its

statutory bad faith claims because the legislature deliberately chose to expand the class

of plaintiffs for such claims by defining a "first party claimant" as a person or entity that

asserts a claim "on behalf of" an insured.  (Docket No. 14 at 5, citing Larson v. Allstate,

305 P.3d 409 (Colo. 2012) (roofer or general contractor can assert statutory bad faith

claims under §§ 10-3-1115 and 10-3-1116, C.R.S.)).  Finally, both plaintiffs properly

pleaded for relief under § 10-3-1113(3), C.R.S.  They do not contend that that provision

provides an independent cause of action but instead have specifically pleaded the jury

instructions contained therein to avoid potential arguments about the specificity of the

pleadings or waiver.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must

contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges

that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ.

5

P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it

does not plead 'enough facts to state a claim to relief that is plausible on its face.'"

Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550

U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to

relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the

line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the

mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in

support of the pleaded claims is insufficient; the complaint must give the court reason to

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.

2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope

of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d

1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and

specificity of the allegations required to state a plausible claim will vary based on

context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle

ground between heightened fact pleading, which is expressly rejected, and allowing

complaints that are no more than labels and conclusions or a formulaic recitation of the

elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a

complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look

only to whether the remaining, factual allegations plausibly suggest the defendant is

liable." Id. at 1191.

This court agrees with defendant that the two remaining claims cannot be

maintained by both plaintiffs simultaneously.  Regarding the breach of contract claim,

either the assignment from Sable Cove to Edge is invalid due to the provision in the

insurance contract and thus Edge's breach of contract claim must be dismissed, or the

assignment is valid, and thus Sable Cove's breach of contract claim must be dismissed.

This court finds that the assignment is valid.  The court notes that the Tenth Circuit

ruling relied upon by plaintiffs, City Center West, LP v. American Modern Home Ins.

Co., 741 F.3d 1338 (10th Cir. 2014), was vacated, and the *stare decisis* effect of the

vacated judgment was removed.  City Center West, LP v. American Modern Home Ins.

Co., 749 F.3d 912, 913-14 (10th Cir. 2014).  Nevertheless, this court agrees with the

analysis and conclusions set forth in the vacated opinion and finds as follows.

Sable Cove's insurance policy issued by defendant includes a non-assignment

provision which provides in pertinent part, "Your rights and duties under this policy may

not be transferred without our written consent except in the case of death of an

individual named insured."  (Docket No. 12-2 at 3).  The policy or portions thereof,

however, were not assigned by the Post-Loss Assignment of Insurance Proceeds

(Docket No. 12-1) entered into by the plaintiffs.  The assignment was only for Sable

Cover's "unpaid, post-loss policy benefits of $153,417.02."  (Docket No. 12-1).  It

provided in pertinent part:

> . . . Edge will pursue the recovery of this amount without any cost to Sable
> Cove.  Edge will file suit in the name of Sable Cover under this
> assignment and Sable Cove will cooperate in the prosecution of this
> litigation.  In the event of any extra-contractual recovery over the payment
> of the overhead and profit, attorney's fees, interest and costs, the parties
> agree to split any extra-contractual recovery 50/50.
>
> In consideration for this agreement, Edge also agrees not to lien
> the property of Sable Cove for the unpaid amount due under its contract
> with Sable Cove and will not initiate any action or collection effort against
> Sable Cove during the pendency of the litigation against Auto-Owners in
> this matter.

(Docket No. 12-1).  As one treatise states, "[T]he great majority of courts adhere to the

rule that general stipulations in policies prohibiting assignments of the policy, except

with the consent of the insurer, apply only to assignments before loss, and do not

prevent an assignment after loss. . . ."  3 Steven Plitt et al., Couch on Insurance § 35:8

(3d ed. 2013).  See, e.g., In re Katrina Canal Breaches Litig., 63 So.3d 955, 963 (La.

2011) ("Post-loss assignment of claims arising under the policy is not equivalent to the

8

assignment of the policy itself."); Windey v. N. Star Farmers Mut. Ins. Co., 231 Minn.

279, 43 N.W.2d 99, 102 (1950) ("Assignment, after loss, of the proceeds of insurance

does not constitute an assignment of the policy, but only of a claim or right of action on

the policy.").  In fact, the Colorado Supreme Court, in considering the validity of an

assignment of payment owed under a contract, wrote, "Under the law of assignments, it

is a well settled principle that the right to receive money due or to become due under an

existing contract may be assigned, even though the contract itself may not be

assignable."  Farmers Acceptance Corp. v. DeLozier, 178 Colo. 291, 294 (1972).  See

Interbank Invs., LLC v. Vail Valley Consol. Water Dist., 12 P.3d 1224, 1228 (Colo. App.

2000) (following Farmers Acceptance).  See also Metropolitan Life Ins. Co. v. Lanigan,

74 Colo. 386 (1924) (assignment of a claim for benefits under a life insurance policy

after the insured's death did not forfeit the coverage despite a prohibition on assignment

of the policy).

Furthermore, even if the policy was ambiguous as to whether the non-

assignment provision precluded assignment of a post-loss claim, ambiguous terms in an

insurance policy are construed against the insurer.  Thompson v. Maryland Cas. Co., 84

P.3d 496, 502 (Colo. 2004).  Defendant's policy could have barred assignment of post-

loss claims by simply saying so or the like.  See Parrish Chiropractic Centers, P.C. v.

Progressive Cas. Ins. Co., 874 P.2d 1049 (Colo. 1994) (provision stating that "[i]nterest

in this policy may not be assigned without our written consent" prohibited post-loss

assignment of a claim for medical care under a no-fault auto policy).

Based upon this finding, Sable Cove's breach of contract claim should be

dismissed.

9

With regard to the statutory bad faith claim, this court finds as follows.  The Post-Loss Assignment of Insurance Proceeds (Docket No. 12-1) entered into by the plaintiffs does not assign such a claim to Edge, and the Complaint does not allege that the statutory bad faith claim was so assigned.  Instead, Edge asserts that it is a "first-party claimant" as defined by the statute and thus is permitted to bring this claim pursuant to Kyle W. Larson Enterprises, Inc. v. Allstate Ins. Co., 305 P.3d 409 (Colo. App. 2012).  Defendant, however, asserts that the factual allegations of the Complaint do not demonstrate that Edge qualifies as a party entitled to assert such a claim.  Defendant contends that in contrast to Larson, here there is no allegation that Edge was given authority to communicate with defendant on behalf of Sable Cove or that Edge was authorized to present Sable Cove's claim for damages to defendant.  Defendant points out that in fact, the Complaint alleges that it was Sable Cove, not Edge, that submitted the claim to defendant and that defendant was communicating with a "representative of Sable Cove."  (Docket No. 4 at ¶ 6).  Defendant further asserts that likewise, this is not a situation where the contractor is pursuing the statutory claim on behalf of the insured, as Sable Cove is a named plaintiff pursuing its own claim under the same statute.  As such, defendant contends that while there are circumstances in which a roofing contractor can have standing to bring a claim of this nature, the allegations in the Complaint make clear that the facts of this case do not affording standing to Edge.  This court does not agree.

Section 10-3-1115, C.R.S., concerns the "[i]mproper denial of claims" and provides, inter alia, that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any

10

first-party claimant." § 10-3-1115(1)(a).  The statute defines "[f]irst-party claimant" for

the purposes of that section and § 10-3-1116 as "an individual, corporation, association,

partnership, or other legal entity asserting an entitlement to benefits owed directly to or

on behalf of an insured under an insurance policy.  'First-party claimant' includes a

public entity that has paid a claim for benefits due to an insurer's unreasonable delay or

denial of the claim." § 10-3-1115(1)(b)(I), C.R.S.  In addition, the statute states that a

"'First-party claimant' does not include: (A) A nonparticipating provider performing

services; or (B) A person asserting a claim against an insured under a liability policy." §

10-3-1115(1)(b)(II)(A)-(B), C.R.S.  The Colorado Court of Appeals has found § 10-3-

1115 to be unambiguous and that "'first-party claimant' includes repair vendors when

they assert an entitlement to benefits owed on behalf of an insured under an insurance

policy." Larson, 305 P.3d at 413.  Here, Edge is asserting an entitlement to benefits

owed directly to or on behalf of an insured, Sable Cover, under an insurance policy.

This court does not read Larson as requiring the repair vendor to have been given

authority to communicate with the insurance carrier on behalf of the insured.  In any

event, the Complaint does aver that both plaintiffs "complained to Defendant about [the]

wrongful failure to pay . . . ." (Docket No. 4 at 3, ¶ 9).  In sum, this court finds that Edge

is a "first-party claimant" as defined under § 10-3-1115 and may thus bring a statutory

bad faith claim.  However, both Edge and Sable Cove may not both bring these claims.

Therefore, the statutory bad faith claim brought by Sable Cove shall be dismissed.

Defendants also assert that plaintiffs improperly pled a claim for relief under § 10-

3-1113(3), C.R.S., because that section does not provide an independent cause of

action.  Plaintiffs respond that they do not contend  that section

11

provides an independent basis for recovery, but instead have specifically pleaded the jury instructions contained in C.R.S. § 10-3-1113(3) to avoid potential arguments about the specificity of the pleadings or waiver.

C.R.S. §10-3-1113(3) is titled "Information to trier of fact in civil actions" and provides specific instructions for the Court when preparing the charge.  Although the statute does not create a private cause of action, it does entitle Plaintiffs to specific jury instructions from the Court in its charge.  Plaintiffs have merely pleaded this provision to ensure that these instructions are included in this charge, but have not sought any independent relief under C.R.S. §10-3-1113(3).  In this respect, since there is no independent claim to be dismissed, OIC's motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be denied.

(Docket No. 14 at 7).  Inasmuch as plaintiffs concede they are not raising a claim for

relief under § 10-3-1113(3), defendant's motion to dismiss such a claim is denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendant Owners Insurance Company's Partial Motion to

Dismiss (Docket No. 12) is granted in part and denied in part.  The motion is granted to

the extent that plaintiff Edge Construction's common law bad faith claim and plaintiff

Sable Cove's breach of contract and statutory bad faith claims are dismissed.  The

motion is denied in all other respects.


Date:  September 5, 2014                          s/ Michael J. Watanabe
          Denver, Colorado                          Michael J. Watanabe
                                                              United States Magistrate Judge