IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00912-MJW

EDGE CONSTRUCTION, LLC,

Plaintiff,

v.

OWNERS INSURANCE COMPANY,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff Edge Construction, LLC's Motion for Leave to File Plaintiff's First Amended Complaint (docket no. 43) is DENIED for the following reasons.

The motion (docket no. 43) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

2

<u>Pumpco, Inc. v. Schenker Int'l, Inc.</u>, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  This court finds that plaintiff has not satisfied this first step in the analysis and has not established good cause to extend the deadline within which it may seek leave to amend the complaint.

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

<u>Id.</u> at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the Response (docket no. 47) to the motion to amend (docket no. 43), this court finds that the proposed amendments should not be permitted.  The court notes that the motion (docket no. 43) is untimely, that the discovery cut off date is January 27, 2015 [i.e., within two weeks from the date of this order], and that the dispositive motion deadline is February 5, 2015.  This court further finds that unfair prejudice would be incurred by Defendant if the Amended Complaint were allowed to be filed at this stage of the litigation.  Lastly, Mr. Ridulfo was the original Plaintiff Sable Cove's agent and public adjustor.  Mr. Rudulfo is employed by David Greeson Adjustors.  Mr. David Greeson owns both David Greeson Adjustors, where Mr. Ridulfo is employed, and Plaintiff Edge Construction.  See Exhibit A, 30(b)(6) Deposition of Edge Construction at 30:3-8.  This court finds that Plaintiff Edge Construction had full access to Mr. Ridulfo at all times and could have simply asked him about his opinions well before his deposition was taken on December 9, 2014.

Date: January 14, 2015 _____