IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 14-cv-00912-MJW

EDGE CONSTRUCTION, LLC.,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

### ORDER REGARDING:

### (1)  PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 44)

### AND

### (2) DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY TO EDGE CONSTRUCTION, LLC'S MOTION TO COMPEL (DOCKET NO. 56)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Plaintiff's Motion to Compel (docket no. 44) and Defendant's Motion for Leave to File Surreply to Edge Construction, LLC's Motion to Compel (docket no. 56). The court has reviewed the subject motions (docket nos. 44 and 56), the response (docket no. 49), the reply (docket no. 54), and the surreply (docket no. 57). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

2

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks, in the subject motion (docket no. 44), an Order from this Court compelling Defendant Owners Insurance Company ["Defendant"] to (1) produce copies of the checks Defendant issued to its insured Sable Cove Homeowners Association and the invoices of its independent adjuster pursuant to Plaintiff's requests for production; (2) overrule Defendant's invalid objections to interrogatories numbered 7, 8, and 9 and to compel Defendant to give complete answers to these interrogatories; and (3) compel the deposition of Donald Gibson or a second corporate representative;

5. That copies of payments made in the investigation and handling of Plaintiff's insurance claim and the five invoices from the independent adjuster which Defendant has refused to produce in response to Plaintiff's discovery requests are relevant as to the amount of Plaintiff's damages and are not privileged;

6. That Defendant's responses to Plaintiff's interrogatories 7, 8, and 9 are incomplete. These interrogatories are relevant and seek discoverable information that goes to the heart of this case.

3

Moreover, Defendant's objections to Plaintiff's interrogatories 7, 8, and 9 as being compound with multiple subparts, overly broad, unduly burdensome, and protected under the work product doctrine are all overruled. Defendant has failed to demonstrate that there is a factual basis to believe that the claims decision was made in anticipation of litigation as it was made long before any litigation in this case; and

7. That Defendant's Rule 30(b)(6) representative Christopher James Hoag, who was the local representative, and designated Rule 30(b)(6) deponent, had no first-hand knowledge or involvement in the adjustment or decisions on the insurance claim in this case. See attached videotape Rule 30(b)(6) Deposition of Owners Insurance Company, LLC, as given by: Christopher James Hoag on December 16, 2014 transcript (docket no. 54-1). Clearly, Defendant should have produced someone more knowledgeable and better prepared then Mr. Hoag to respond to questions by Plaintiff during the Rule 30(b)(6) deposition. In particular, it is clear that Defendant should have designated and produced Don Gibson as its Rule 30(b)(6) representative. See D.R. Horton, Inc.-Denver v. D & S Landscaping. LLC., 215 P.3d 1163, 1167 (Colo. App. 2008).

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

1. That Plaintiff's Motion to Compel (docket no. 44) is **GRANTED;**

2. That Defendant Owners Insurance Company shall provide to Plaintiff copies of the checks Defendant issued to its insured Sable Cove Homeowners Association and the invoices of its independent adjuster pursuant to Plaintiff's requests for production on or before February 13, 2015;

3. That Defendant Owners Insurance Company shall provide to Plaintiff full and complete responses to Plaintiff's interrogatories 7, 8, and 9 on or before February 13, 2015;

4. That Defendant Owners Insurance Company shall produce Don Gibson for a Rule 30(b)(6) deposition. The deposition shall take place in Denver, Colorado. Defendant is responsible for the costs for Don Gibson to attend his deposition in Denver. The parties shall forthwith meet, confer, and set a date, time, and location within the greater Denver Metro area for Mr. Gibson's deposition. Plaintiff may depose Mr. Gibson for no more than seven (7) hours. The stenographer expenses with respect to Mr. Gibson's deposition shall be paid by Plaintiff. Mr. Gibson's deposition shall be completed by March 2, 2015. The discovery deadline is extended

5

and the Rule 16 Scheduling Order (docket no. 20) is amended for the limited purpose to take and complete Mr. Gibson's deposition by March 2, 2015 **ONLY**;

5. That Defendant's Motion for Leave to File Surreply to Edge Construction, LLC's Motion to Compel (docket no. 56) is **GRANTED**; and

6. That each party shall pay their own attorney fees and costs for these motions (docket nos. 44 and 56).

Done this 6th day of February 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE